PER CURIAM.
In October of 1979 the appellant was adjudicated a dependent child and placed under the supervision of the Division of Social and Economic Services of the Department of Health and Rehabilitative Services. Her behavior was monitored and resulted in a subsequent petition for adjudication of dependency based upon allegations of truancy. A hearing was scheduled for November 19, 1979, at which time the court entered an order of dependency and warned the appellant that if she did not go to school pursuant to order of the court she would be held in contempt of court, adjudicated a delinquent child and possibly committed to the Department for placement in a training school for delinquent children. Present at the November 19th hearing were representatives from the Office of the State Attorney and the Department of HRS, the appellant’s parents and the appellant. On November 27, 1979, a petition for detention was filed by the Department, and the Office of the Public Defender was appointed to represent the appellant. An order of detention was entered at appellant’s detention hearing, and she was ordered confined to the North Florida Regional Juvenile Detention Center for delinquent children. In December, 1979, the trial court entered an order to show cause why M. J. M. should not be held in indirect criminal contempt of the court for failure to attend school as ordered. The child was subsequently released from the detention center to temporary HRS custody, but on January 12,1980, *756 the court found her in contempt and adjudicated her delinquent pursuant to Chapter 39, Florida Statutes (1979). Based on the delinquency adjudication, M. J. M. was committed to HRS custody on February 28, 1980.
M. J. M. argues that the November 19th hearing was a critical first step towards her delinquency determination and that she should have been afforded counsel at that stage. We disagree. The hearing could very well have been the child’s last experience with the juvenile authorities. A delinquency adjudication was not the inevitable result of the judge’s warning. We find that there has been no denial of the juvenile’s right to counsel.
We recently held in J. M. J. v. State, 389 So.2d 1208 (Fla. 1st DCA 1980), that a delinquency adjudication is void where there has been no petition filed by the State Attorney to initiate delinquency proceedings as required by § 39.05(1), Florida Statutes. That case, however, did not deal with the inherent power of the court to punish for contempt. The power of the court to find a juvenile in contempt for violating its orders was affirmed in R. M. P. v. Jones, 392 So.2d 301 (Fla. 1st DCA 1981).
The appellant further argues that it was error to deny bail pursuant to Florida Rules of Juvenile Procedure 8.280(3) (1977). For practical purposes, the issue has been rendered moot by release of the juvenile. Under the circumstances we find the error harmless.
The cause is remanded to the judge for vacation of the delinquency adjudication and reconsideration of the commitment based upon that adjudication.
MILLS, C. J., and SHAW and JOANOS, JJ., concur.